TURNLEY BROS. & CO. V. WEISS & TRIGG.

(No. 2376, Op. Book No. 2, p. 645.)

APPEAL from Williamson County.   Opinion by WATTS, J.

§ 1280. *Pleading; insufficient petition for damages for breach of contract; measure of damage in such case, and necessary allegations.* Appellants sued appellees for damages for breach of a contract in failing to deliver at Round Rock two carloads of oats. The petition alleged as follows: "On the 24th day of August, 1881, by a certain agreement then and there made between plaintiffs and defendants, it was agreed that defendants, on

said 24th day of August, 1881, or within a reasonable time thereafter, should deliver to plaintiffs, at the railroad depot of the International & Great Northern Company, in the town of Round Rock, in said Williamson county, sacked, free, and on board the cars of said railroad company, two carloads of oats, containing each six hundred and twenty-five bushels, and aggregating the amount of twelve hundred and fifty bushels, and that plaintiffs should pay to defendants the sum of forty-five cents per bushel for said oats." An amended petition alleged that plaintiffs had been compelled to purchase the same quantity of oats at seventy-two cents per bushel, but the date of this purchase is not stated; also that appellees failed to notify them that they would not deliver the oats until there had been an advance in the price, and that oats could not be had except at a price greatly in advance of that agreed upon. General and special exceptions to the petition were sustained. Plaintiffs declined to amend, and judgment was rendered against them accordingly. *Held:* The measure of damage in such case would be the difference between the contract price and the market value of the oats at the time that they should have been delivered under the contract. The fact that appellants had at some time thereafter purchased oats, for which they were compelled to pay seventy-two cents per bushel, would not afford any rule for the measure of damages in the case. To authorize a recovery, the burden was upon appellants to show by their pleading, and establish by evidence, the time in which the delivery of the oats should have been made, under the contract, and that there had been an advance in the price of oats when that time had expired, and also what that advance was. Appellants would not be authorized to wait for some indefinite time, and then go upon the market, purchase oats, and recover the difference between the original contract price and that which they were compelled to pay. Nor is the allegation that there had been an advance in the value of oats during the time in which the deliv-

ery ought to have been made, without alleging what that advance was, any sufficient legal basis for a recovery. Appellants must, by their pleading, show that they have been injured by the non-delivery of the oats, and the amount of that injury.  The petition in this case is wanting in the essential allegations which are necessary as a legal basis for recovery.

June 21, 1882.                                   Affirmed.